Matter of Attorneys in Violation of Judiciary Law § 468-a (Zhang) (2025 NY Slip Op 04826)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Zhang)

2025 NY Slip Op 04826

Decided on August 28, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 28, 2025

PM-181-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Chenbin Zhang, Respondent. (Attorney Registration No. 5361969.)

Calendar Date:August 18, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jun Xuan, Woodbury, for respondent.

Motion by respondent for an order reinstating him to the practice of law following his suspension by September 2022 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 208 AD3d 1421, 1445 [3d Dept 2022]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to July 8, 2025; his supplemental affidavit with exhibits sworn to August 8, 2025; his affidavit of compliance with exhibit sworn to August 8, 2025; and the August 6, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has satisfied the requirements of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5), (2) respondent has complied with the order of suspension and the rules of this Court, (3) respondent has the requisite character and fitness to practice law, and (4) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.